JAMES S. WHIGHAM, PLAINTIFF-APPELLEE, v. SEACOAST FINANCE CORPORATION, A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.

Submitted October 13, 1928—Decided March 20, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Allen Farber* (*Percy H. Penn*, of counsel).

For the appellee, *John Grammer* (*John A. Bernhard*, of counsel).

PER CURIAM.

The plaintiff-appellee borrowed $100 from the defendant-appellant on September 15th, 1926. The latter demanded as security a 1923 model Maxwell touring automobile owned by the appellee, and assured him that the car would be placed in a reliable garage. The automobile was placed in a garage called the Elizabeth Locomobile Company, the agent of the appellant.

Thereafter the garage company became insolvent and a receiver was appointed. Subsequent to the appointment of a receiver the car was presented to the appellee (upon payment of his loan), after it had been allowed to stand in the open, for some period of time. It was stripped of its curtains, accessories, battery and tires. The loan made to the appellee had been entirely repaid.

A judgment in the sum of $250 was rendered in favor of the appellee in this action for damages for this injury, upon a finding of fact by the trial judge that the appellant had not exercised that degree of care which a reasonable man would have exercised under similar circumstances.

On this appeal two grounds are set forth in the appellant's brief upon which it is sought to secure a reversal of this judgment. The first rests upon an alleged erroneous reception of evidence as to the value of the automobile. The second is the alleged failure of the appellee to sustain the burden of proof at the trial as to the negligence of the defendant.

It does not appear from the state of the case that any objection or exception was taken in connection with the testimony of Mr. Case as to the value of the automobile. Moreover, the state of the case discloses that Mr. Case qualified as a mechanic of fifteen years experience, and the defendant admits that the witness testified to having had considerable experience with automobiles of the same make as the one under

consideration. Certainly enough is made to appear to establish the propriety of the court's action recognizing competency of this witness.

As to the burden of proof it is sufficient to say that the state of the case discloses evidence from which the trial court could and did find negligence upon the part of the defendant, and that the judge was legally justified in disregarding the evidence which the defendant contends tended to show that the injury to the car was occasioned by theft.

The judgment will be affirmed, with costs.